## Jové v. La Compañía de Seguros "The Palatine" de Londres.

Apelación procedente de la Corte de Distrito de San Juan.

No. 85.—Resuelto en diciembre 24, 1903.

Pólizas de Seguros de Incendio — Valoración de Daños Causados por el Mismo.—La valoración de los daños causados por un incendio, hecha con arreglo a las condiciones y requisitos fijados en las pólizas, es perfectamente legal y obliga a las partes.

Pólizas de Seguro.—Las condiciones fijadas en una póliza de seguro son otros tantos pactos que determinan los derechos y obligaciones de las respectivas partes contratantes y por tanto, dicha póliza constituye la ley que se ha de guardar y cumplir en las cuestiones que surjan entre el asegurador y asegurado.

### EXPOSICIÓN DEL CASO.

En el juicio declarativo seguido en el Tribunal de Distrito de San Juan por Don Luis Jové y Torres, como demandante, al que ha representado y defendido en esta Corte Suprema el Letrado Don Antonio Alvarez Nava, contra los Sres. Gandía y Stubbe, como agentes generales de la Compañía de Seguros contra Incendios, "The Palatine," de Londres,

como demandados, bajo la representación y dirección del Letrado Don Juan de Guzmán Benítez, sobre cobro de una póliza de seguro contra incendio, cuyo juicio pende ante nos a virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por la referida sociedad contra la sentencia dictada por aquel tribunal, que copiada literalmente dice así:

"*Sentencia:* En la ciudad de San Juan de Puerto Rico a siete de noviembre de mil novecientos dos. Visto este juicio declarativo seguido por Don Luis Jové y Torres, mayor de edad, soltero, comerciante y vecino de Arecibo, dirigido y representado primeramente por el Letrado Don Elpidio de los Santos y Laguardia y después por el Licenciado Don Antonio Alvarez Nava, como demandante, contra los Sres. Gandía y Stubbe, comerciantes y vecinos de esta ciudad, (*) como agentes generales de la Compañía de Seguros contra Incendios, 'The Palatine,' de Londres, dirigidos y representados por el Letrado Don Juan de Guzmán Benítez, como demandados, sobre cobro de una póliza.

"*Resultando:* que acompañando certificación de no haberse celebrado el juicio conciliatorio por incomparendo de la sociedad demandada, presentó Don Luis Jové y Torres demanda contra los Sres. Gandía y Stubbe, agentes de la Compañía de Seguros contra Incendios 'The Palatine,' de Londres, pidiendo se declare que el siniestro ocurrido en la noche del veinte de octubre de mil novecientos tuvo su origen en un caso fortuito, y los daños causados en las existencias del establecimiento fueron consecuencia necesaria e inmediata de las disposiciones adoptadas por la autoridad y jefe de bomberos para cortar y extinguir no sólo el edificio ocupado en parte por el local incendiado, sino la mayor parte de los que le rodeaban; que es válido y eficaz el contrato de seguro, y los Sres. Gandía y Stubbe, aseguradores y agentes de la compañía, están obligados a pagar los quinientos dollars, aseguro de las existencias del establecimiento, con los intereses legales y las costas, sentando como hechos: que Jové, dueño de un establecimiento de provisiones de Arecibo, aseguró las existencias en veinte y cuatro de septiembre de mil novecientos, por un año en la referida compañía por dicha suma, celebrándose y perfeccionádose el contrato en el referido día, pagando el premio anual adelantado de diez dollars, más cinco centavos por el impuesto;

que fueron objeto del seguro las provisiones en general y las existencias, incluso ron y petróleo que tenía en pequeña cantidad; que la noche del veinte de octubre se inició un incendio en la tienda por caída casual de un quinqué; que la policía dió los toques de alarma y con los bomberos procuraban localizar el incendio, y que a ese efecto tiraban los objetos fuera de los aparadores, ordenando la autoridad y el jefe de bomberos bombear el interior del local, resultando con esto la pérdida de las existencias en cantidad superior a la asegurada; que Jové no podía ni debía oponerse a esas medidas, e instruídas diligencias sumarias se sobreseyeron por ser casual el incendio; siendo el derecho los artículos 368, 380, 393 y 404 del Código de Comercio.

"*Resultando:* que después de presentado el anterior escrito se acompañó la certificación del auto dictado por el juez municipal de Arecibo, declarando no haber lugar a iniciar sumario por el incendio de referencia, y la traducción de la póliza, con su original; y (\*) admitida la demanda, contestaron los demandados se declare sin lugar con las costas, sentando como hechos: que lo ocurrido en veinte de octubre fué un simple conato de incendio, fácilmente dominado, sin resentirse el establecimiento, del que se extrajo el mostrador y alguno que otro cajón vacío, haciéndose el bombeo sobre el piso, por si se hubiera incendiado alguna basura debajo de la casa, no dañándose efecto de importancia; que no había mercaderías por valor de quinientos dollars, comprobando los demandados que se reclamaban cantidades que no había perdido por haberse constituído en Arecibo y manifestádole Jové que gran parte de las existencias habían sido robadas; negando los hechos de la contraria inconformes con los que sienta, y afirma que Jové no llevaba libros; siendo el derecho los artículos 385, 390, 393, 396 y 404 al 406 del Código de Comercio, y la condición 12 de la póliza, solicitando por otrosí que se traduzcan las condiciones de la póliza omitidas en la que se ordenó, constando de la 12, 'que ocurrido el incendio debe dar aviso a la compañía o al agente,' y en la 14 una relación detallada de la pérdida, verificándolo por la presentación de sus libros de cuentas, declaraciones juradas, documentos testimoniales que puedan contribuir a probar dicha relación y valor.

"*Resultando:* que abierto a prueba, de la del actor consta: 1º La confesión por el agente de la compañía demandada, Mr. F. D. Stubbe, declarando que al asegurar el establecimiento del actor tenía como quinientos dollars, pero más de lo asegurado no lo podía decir, y lo sabe por referencia del agente, Don Arturo Díaz; que sin esa circunstancia no lo hubiera asegurado, recibiendo aviso de su representante

Díaz tan pronto ocurrió el incendio, quedando encargado ese agente en Arecibo con entrega de la llave del establecimiento; que no recibió del actor las facturas que dice acreditaban el exceso de existencias al ocurrir el siniestro, y sí otro documento luego con otras firmas; que a no tener el demandante existencias superiores a la cantidad asegurada, no se hubiera realizado el seguro con el comerciante al detall, Don Luis Jové, recibiendo de éste por conducto del agente las facturas adquiridas de algunos de los comerciantes que firmaron la constancia, que era igual al documento letra C que firman siete comerciantes que aseguraban que el establecimiento de Jové a simple vista, calculan tenía quinientos dollars el día del incendio y los anteriores, no pagándose el seguro por haberse hecho reclamación superior a las existencias. 2ª. Reconocimiento de las firmas de los siete antes mencionados comerciantes, que resultaron serlo cinco y (*) dos industriales, expresando que la firma puesta en dicho documento la reconocían, y ser cierto el hecho a que se refiere el documento antes expresado. 3º. El acta notarial de veinte y uno de noviembre del mil novecientos, en la que siete personas hacen constar que en ciencia propia saben que la noche del conato de incendio en el establecimiento del actor pudieron observar que fué necesario tirar fuera de los aparadores infinidad de objetos, como maderas, cajas, barriles y otros depósitos que contenían materias inflamables; que la autoridad y cuerpo de bomberos dispusieron bombear el local, y pudieron calcular los desperfectos y perdidas en quinientos y pico de pesos. Y en la de veinte y siete de febrero de mil novecientos uno, quince declaran constarles que la noche del incendio funcionó la bomba de extinción de incendios pocos momentos después de empezado, hasta las diez, que el chorro era de tal fuerza que tenía que destruir la mayor parte de los efectos; que parte del mostrador fué consumido y debajo de él había tres latas de gas; que las existencias pasaban de quinientos dollars; que las llamas salían por las puertas. 4º. Requerimiento a Gandía y Stubbe para presentar las facturas y no sólo las exhibió, que la nota que obra en el documento que también solicita del que retira la firma uno de los firmantes, según de dicha nota aparece. 5º. Certificación del secretario del juzgado municipal de no haberse denunciado robo alguno de efectos durante el incendio.

"*Resultando:* de la prueba del demandado, que produjo la relación de existencias en la tienda, firmada por el actor y el encargado de los agentes en Arecibo, Don Arturo Díaz, comprensiva de las del día veinte de octubre de mil novecientos, ascendentes a quinientos

sesenta y siete dollars; un recibo de Lucas Birriel, de veinte y cinco de agosto de mil novecientos por cuatrocientos dollars, valor de las existencias de su establecimiento que tenía y vendió al demandante ante dos testigos y bajo inventario, de conformidad del comprador del establecimiento; varios borderós y recibos de septiembre de mil novecientos y del nueve de octubre hasta el diez y ocho, ascendentes todos a ciento veinte y tres dollars cuarenta y cinco centavos, y aquéllos los de octubre, a trescientos cuarenta y un dollars diez y seis centavos, entre ellos el borderó por ciento catorce dollars diez y nueve centavos, de diez y ocho de octubre, a favor de L. G. de Blasco; la carta del capitán de la Policía Insular dirigida a Don F. D. Stubbe, manifestando que examinó a la pareja de policía que se constituyó en la tienda a prestar auxilio y deduce que Jové sufrió (\*) algunas pérdidas por el incendio, siéndole imposible precisar correspondan con su nota, pues desconocían la cantidad de existencias, y tocante al robo, que constituída la pareja a las puertas del local, pudo lograr que nada se robase mientras permaneció; certificación del jefe de policía municipal, expresiva de no haber llegado a su conocimiento, se hubieran sustraído efectos de la tienda, asegurándoselo los guardias, no habiéndose sacado más que el mostrador encendido y algún otro objeto; el depositario de Arecibo, por orden del alcalde, certifica que de los antecedentes de su oficina resulta que ni los Sres. Jové Hermanos, José Jové ni Lucas Birriel, han satisfecho contribución alguna por comercio por no figurar en el reparto, y según noticias, Birriel era dependiente de Don Manuel Olmo, que pagó por el trimestre cuatro dollars veinte centavos, y éste fué el establecimiento vendido a Don Luis Jové, según certificación de traspaso que acompaña en que se inserta el escrito que firmaron a veinte y uno de septiembre de mil novecientos, presentado el veinte y cuatro de dicho mes y año; que requeridos Don Luis Jové, Don Armando Cadiela, A. Padilla, G. Márquez, González y Guisacola y L. González de Blasco, para la exhibición de sus libros de comercio, manifestaron no llevarlo Don Luis Jové y L. González de Blasco, exhibiéndolos los otros, y no aparece tuvieran cuenta corriente con ellos ni Jové Hermanos, ni Don Luis, ni Don José Jové, quienes, según manifestación de los requeridos, hacían sus pequeñas compras al contado.

"*Resultando:* de la prueba del demandado la confesión del actor de no llevar libros de comercio, por ser las ventas de contado, llevando sólo una libreta; que surtió la tienda al abrirla y luego a medida que vendía; que en una esquina del mostrador tenía dos latas de gas

para el despacho; reconoció los documentos sobre existencias entregadas a la compañía y la nota, y cree que la firma de Vidal sea la misma; que todos los que firman el documento sabían que la compañía de seguros se negaba al pago de la póliza; que parte de los efectos se inutilizaron por el incendio y parte por el agua; que el dinero lo cogió del suelo con el cajón del mostrador un policía, y lo entregó junto con la llave del establecimiento al agente de seguros, entregándole el poco dinero recogido, que no llegaría a diez reales y de la prueba testifical del demandado, que el incendio empezó por un quinqué que cayó, tratando de sofocarlo, pero continuó extendiéndose por unas latas de gas y damesanas de alcohol, tomando mayores proporciones a pesar de los esfuerzos; que había bastantes (\*) efectos, quemándose parte de ellos; que únicamente sacó el mostrador, una mesa y un barril, perdiéndose otros por el agua de la bomba de apagar incendios.

"*Resultando:* que el letrado del demandado protestó por la prueba documental presentada por la parte contraria, y las partes renunciaron las demás pruebas, entre ella la pericial propuesta por aquél, informando después los defensores lo que creyeron conveniente a sus respectivas pretensiones.

"*Resultando:* que señalados los días quince, diez y seis y veinte y nueve de octubre para la votación de la sentencia no pudo efectuarse, llevándose a efecto en el día de hoy, disintiendo el Sr. Juez Don José R. F. Savage, quien formula a continuación su voto particular. Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

"*Considerando:* que las condiciones que contiene una póliza de seguros de incendio son otros tantos pactos que determinan los derechos y obligaciones de las respectivas partes contratantes, y por tanto, la ley que se ha de guardar y cumplir en las cuestiones que surjan entre asegurador y asegurado; por lo que, convenido el valor de quinientos dollars sobre las existencias, incluyendo ron y petróleo en pequeña cantidad, según la póliza afirma, no fijando el demandado la infracción de dichas condiciones, y sí sólo que en los momentos del incendio no había en la tienda incendiada mercaderías por valor de quinientos dollars y que solamente hubo un conato de incendio; al demandado incumbía demostrar esos extremos para que sus excepciones pudieran prosperar contrarrestando la prueba del actor.

"*Considerando:* que habiendo cumplido el asegurado con la cláusula doce de la póliza, y apareciendo de la prueba en conjunto apreciada, especialmente de la confesión del demandado, que recibió de

su representante o agente aviso tan pronto como ocurrió el incendió, quedando dicho agente encargado de la llave del establecimiento por entrega que se le hizo, recibiendo asimismo las facturas de algunos comerciantes que firman la constancia, la que era igual al documento letra C por el actor producida, que es la que firman siete comerciantes, asegurando que el establecimiento a simple vista tenía quinientos dollars el día del incendio y los anteriores, cuyas firmas han sido reconocidas por los firmantes en estos autos, con conocimiento y citación del demandado, conviniendo con ese valor la relación y documentos por el actor producida y acompañada por el demandado (*) con su prueba número 1, letra C, documentos privados; hay que sentar la existencia de ese valor, no justificando el demandado era menor, ni que hay el fraude o la falsa declaración que refiere la referida cláusula 12.

"*Considerando:* que no fué un conato de incendio el que hubo, dado el auto de veinte y dos de octubre de mil novecientos, por declarar no haber lugar a iniciar sumario por el incendio ocurrido en el establecimiento de Jové, calle de Carlos III de Arecibo, en la noche de referencia, por ser el hecho casual; viniendo dicho auto a robustecer el montante de la reclamación que el actor ha formulado, al decirse en el primer resultando que estimó el perjudicado en quinientos dollars el daño causado por el siniestro.

"*Considerando:* que renunciada en el acta del trece de junio por demandante y demandado la prueba pendiente de practicar, y entre ella la pericial por el demandado propuesta; dado lo que prefija y exige la cláusula 12 de la póliza, no siendo preciso por ella cumplir con el artículo 2142 de la Ley de Enjuiciamiento Civil, en vista de su contenido, manera y forma de acreditar el daño causado, según dicha cláusula, o sea por las declaraciones de personas residentes en el lugar del siniestro, o que lo hayan visitado con frecuencia, y la inspección de los restos del incendio, no es de aplicar al caso el artículo 406 del Código de Comercio.

"*Considerando:* que debiéndose declarar la demanda con lugar, las costas deben imponerse al demando.

"*Fallamos:* que debemos declarar y declaramos con lugar la demanda, y en su virtud condenamos a la Sociedad de Seguros 'La Palatine,' de Londres, representada por sus agentes, Gandía y Stube, a pagar al demandante quinientos dollars, con las costas a los demandados. Así, por esta nuestra sentencia, definitivamente juzgando, lo

pronunciamos, mandamos y firmamos. Juan Morera Martínez, Juan R. Ramos, José R. F. Savage.''

*Resultando:* que notificada esa sentencia a la parte demandada, interpuso contra ella recurso de apelación por infracción de ley, que fué admitido, ordenándose se remitieran las autos a esta Corte Suprema, previa citación y emplazamiento de las partes por el término legal; y personadas éstas, se dió a dicho recurso la tramitación correspondiente al de apelación, a virtud de lo dispuesto por la ley de 12 de marzo (*) último, convirtiendo este Tribunal Supremo en corte de apelación, habiéndose señalado día para la vista, en la que los abogados de las partes recurrente y recurrida alegaron cuanto estimaron conducente en apoyo de sus respectivas pretensiones.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogado del apelado: *Sr. Alvarez Nava.*

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la siguiente opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada, con las siguientes modificaciones: 1º. Que en el primer resultando, donde se dice ''los daños causados en las existencias del establecimiento fueron consecuencia necesaria e inmediata de las disposiciones adoptadas por la autoridad y jefe de bomberos para cortar y extinguir no sólo el edificio ocupado en parte por el local incendiado, sino la mayor parte de los que lo rodeaban,'' debe decirse: ''los daños causados en las existencias del establecimiento fueron consecuencia necesaria e inmediata de las disposiciones adoptadas por la autoridad y jefe de bomberos para cortar y extinguir el incendio que amenazaba destruir no sólo el edificio ocupado en parte por el local incendiado, sino también la mayor parte de los que lo rodeaban.'' 2ª. Que en el resultando 3º., donde dice: ''reconocimiento de las firmas de los siete antes mencionados comerciantes que resultaron serlo cinco, y dos industriales,

expresando que la firma puesta en dicho documento la recono-
cían, y ser cierto el hecho que refiere el documento antes
expresado,'' debe decirse: ''reconocimiento de las firmas de
los siete antes mencionados comerciantes, que resultaron ser-
lo cinco y dos industriales, expresando todos ellos que reco-
nocían las firmas puestas en dicho documento, y seis que era
cierto el hecho consignado en el mismo, habiendo rectificado
uno o sea Don Adrián Padilla, que había visto el estableci-
miento de Don Luis Jové 15 o 20 días antes del incendio ocu-
rrido en el mismo, donde observó y calculó (*) las existencias
del modo expresado en el documento de que se trata.   3ª. Que
en el mismo resultando 3º., donde se consigna que el acta nota-
rial de veinte y uno de noviembre de mil novecientos fué otor-
gada por siete personas, debe entenderse que fueron seis las
partes otorgantes.   4ª. Que en el propio resultando 3º. donde
se dice ''requerimiento a Gandía y Stubbe para presentar las
facturas, y no sólo las exhibió, que la nota que obra en el
documento que también solicita, del que retira la firma uno
de las firmantes según de dicha nota aparece,'' debe decirse:
''requerimiento a Gandía y Stubbe para que exhibieran las
facturas y constancia o documento suscrito por varios comer-
ciantes para acreditar que en el establecimiento había exis-
tencias por cantidad mayor al valor de lo asegurado, y como
contestaran que las facturas se encontraban agregadas al
escrito de pruebas presentado por el abogado de la parte
actora, Don Juan de Guzmán Benítez, y que en poder de éste
se encontraba el documento aludido, fué requerido dicho le-
trado, quien lo presentó y aparece suscrito en 21 de octubre
de 1900 por 13 que se dicen comerciantes y que afirman haber
visto en los últimos días el establecimiento de Don Luis Jové
y a simple vista calculan que las existencias que en él habían
podían valer muy bien quinientos dollars, siendo de notar que
uno de los firmantes, o sea Don Juan Vidal, hizo constar por
nota de nueve de abril del año siguiente, que retiraba su firma
del expresado documento.

*Aceptando* igualmente los considerandos de la referida sentencia, menos el 1º:

*Considerando:* que las condiciones fijadas en una póliza de seguro de incendio son otros tantos pactos que determinan los derechos y obligaciones de las respectivas partes contratantes, y por tanto, la ley que se ha de guardar y cumplir en las cuestiones que surjan entre el asegurador y asegurado.

*Considerando:* que las declaraciones de siete testigos que (*) reconocieron bajo juramento ante el Juez Municipal de Arecibo el documento privado de veinte de noviembre de mil novecientos, en el que aseguraban que en la fecha del incendio ocurrido en el establecimiento de Don Luis Jové y en los últimos días anteriores las existencias de dicho establecimiento, calculadas a la simple vista y concienzudamente, ascendían de quinientos a seiscientos dollars, fueron prestadas como medio de prueba aceptado por el tribunal sentenciador en providencia de veinte y nueve de marzo de 1901, con citación de la parte contraria, la que pudo solicitar de dicho tribunal que aquellos testigos comparecieran en el acto del juicio oral para practicar el reconocimiento ordenado y repreguntarles en su caso, y en el supuesto de serles denegada tal pretensión, aparte de protestar oportunamente, pudo formular interrogatorio de repreguntas para que a su tenor declararan los mismos, sin que la sociedad recurrente verificara una ni otra cosa, por lo que no cabe estimar viciado de nulidad el testimonio de tales testigos, dado bajo juramento y con citación contraria.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada que dictó el Tribunal de Distrito de San Juan en siete de noviembre del año próximo pasado, con las costas a cargo de la parte apelante, y devuélvanse los autos al referido tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, Sulzbacher y MacLeary.